COMMONWEALTH *vs.* CORNELIUS J. WINGLE. September 26, 1979. The trial judge correctly denied the defendant's motion to suppress articles seized under a search warrant notwithstanding the defendant's contentions that the affidavit in support of the warrant failed to meet the "two-pronged" test of *Aguilar* v. *Texas*, 378 U.S. 108, 114 (1964). We do not concern ourselves with an application of the *Aguilar* test because the affidavit "apart from the informant's hearsay ... reveals sufficient data to justify a finding of probable cause." *Commonwealth* v. *Lotfy, ante* 126, 128 (1979).

After receiving information from the chief of security of the Raytheon Corporation at Waltham that the defendant and Gerald J. Blake, Raytheon employees, were conducting an illegal daytime gaming operation at the plant, the affiant and a fellow State police officer posed as plant employees, each on different dates for a total of ten days, from October 26, 1977, to January 27, 1978. The warrant issued on February 2, 1978. During this period the affiant and his fellow officer heard and saw the events set forth below. Employees were seen giving slips of paper to Blake; one employee was later heard telling him she wanted to pay for a number, and she handed him paper and money while another employee called to him, but Blake told him to "wait in line." When the affiant asked Blake were he could place a bet, Blake directed him to the machine shop where he saw the defendant and "John Doe" in discussion over a piece of paper which the defendant then placed in his pocket. On other occasions Doe was heard in conversation with employees talking about placing number bets and obtaining an "owl sheet"; he was seen taking slips of papers from employees. When the officer asked someone where he could place a bet, he was told with Doe, "if he knows you." Doe was seen passing slips of paper and money to the defendant, who was also seen taking slips from other employees. On three occasions the defendant was

observed on the telephone reading numbers and notations from a piece of paper which he would place in his pocket when he hung up. The conversations lasted from two to five minutes. The affiant concluded that the above described acts "are consistent with those of persons engaged in an illegal bookmaking operation."

These facts lend themselves to an analysis and conclusion identical to that set out in *Lotfy* at 129-132, and which we need not repeat.

*Judgment affirmed.*

*Herbert D. Lewis* for the defendant.

*William L. Pardee,* Assistant District Attorney, for the Commonwealth.